UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLEY COELHO,

Plaintiff,

v.

CITY OF TURLOCK, et al.,

Defendants.

No. 2:26-cv-0887 DAD AC

ORDER and

ORDER TO SHOW CAUSE

Plaintiff, appearing in pro se, filed a complaint and paid the filing fee on March 16, 2026. ECF No. 1. That same day, a scheduling order was issued in this case ordering the plaintiff to serve a copy of the scheduling order and complete service of process within 90 days of the filing of the complaint. ECF No. 3 at 2. Plaintiff was cautioned that failure to complete service within 90 days may result in dismissal pursuant to Fed. R. Civ. P. 40(m). Id. The deadline has passed, and no certificate of service has been filed.

Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Because plaintiff has not indicated that she has completed service, this case may be subject to dismissal for failure to prosecute.

Additionally, plaintiff filed a motion to be appointed guardian ad litem for her minor child. ECF No. 2. It is well established that pro se litigants cannot represent others, including

their own children. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Ninth Circuit has been clear that "the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). Plaintiff may serve as her child's guardian ad litem in litigation only if she retains an attorney and a motion for her appointment as guardian ad litem is brought by counsel. Further, the court notes that the minor child cannot proceed as a plaintiff in this case without counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to be appointed guardian at litem for her minor child (ECF No. 2) is DENIED without prejudice to a motion brought by counsel;
2. Plaintiff is Ordered to Show Cause, in writing no later than December 2, 2026, why this action should not be dismissed for failure to prosecute;
3. Plaintiff's filing of a proof of service upon defendant will be deemed good cause shown; and
4. If plaintiff fails to comply with this order, the case will be dismissed without prejudice for failure to prosecute.

DATED: November 10, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE